PATRICK J. CULL *v.* J. L. HERWIG et als.

The competent witness of any covenant or fact, whatever it may be, in civil matters, is that who is above the age of fourteen years complete, of a sound mind, free' or enfranchised, and not one of those whom the law deem infamous.

He must besides be not interested, neither directly nor indirectly, in the cause.

The husband cannot be a witness either for or against his wife, nor the wife for or against her husband ; neither can ascendants with respect to their descendants, nor descendants with respect to their ascendants.

Interrogatories having been propounded, answered and offered, and received in evidence, together with the affirmative answers, without any objection, we are bound to give to them their full effect.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *C. Dufour and Thos. H. Hewes, for plaintiff*.—On the back of the note are the signatures of the defendants, S. M. R. Kercheval & J. L. Herwig, which the petition avers were placed there at the time the note was executed and delivered to plaintiff ; and we deem it indisputable that the obligations of the defendants thereby became those of ordinary sureties and not those of endorsers.

*Weaver* v. *Marvel*, 12 An. 517, and the numerous cases referred to in Hennen's Digest, p. 172, No. 1. And we also deem it clear that Mrs. Kercheval being separated in property by her marriage contract, might, with the authorization of her husband, become surety for any person except her husband. *Farrell* v. *Yoe*, 2 An. 903. *Roberts* v. *Wilkinson*, 5 An. 369.

Has plaintiff shown by competent testimony that she was so authorized, is, we think, the important question for the consideration of the Court, in this case. The petition avers : "That her said husband fully authorized her to contract said obligation, being present at the time and assenting thereto."

In support of this averment the plaintiff relied exclusively upon the interrogatories addressed to Mrs. Kercheval and to her husband. The husband was asked, "were you not present when Mrs. Kercheval placed her name on the note sued on, and did she or not do so with your assent and authorization ? State particularly what happened at the time said note was executed, relative to the necessity of your placing your name on said note as authorizing the obligation Mrs. Kercheval contracted."

Although properly served, being a resident of another Parish (C. P. Art. 352, as amended by Acts of 1843), he refused to answer, and on the trial, plaintiff sought to introduce the interrogatories as confessed, which the Court refused to permit, and plaintiff took his exceptions.

Mrs. Kercheval was interrogated respecting other allegations in the petition, as to the consideration of the note, that the obligation enured to the advantage of her separate property, etc., etc. ; but as she denied the

truth of these allegations, we ask the attention of the Court to only two of the questions propounded, viz : " Was or not your husband present when you signed the note sued on ?"

2. "Did you or not sign the same with his authority, consent and approval ? State fully all that occurred and was said at the time relative to the property or necessity of your said husband's signing the same ?

To each of these questions, " she answers yes," and they were introduced in evidence without objection.

The law which requires the husband to " concur in the act or yield his consent in writing (C. C. 124), is intended to exclude parol proof of such authorization. But this Court has invariably held that answers to interrogatories, on facts and articles, are not parol evidence. 10 An. 704; Hen. Dig. p. 563, No. 9.

In truth, the fact of the husband's authorization is here more satisfactorily shown; is proven by testimony of a higher nature than any mere writing signed by the husband could have created. For, in thus proving the fact, we prove in addition that the authorization was voluntary, was not obtained through fraud or given in error.

Is it for the protection of the husband or the wife, of either or both, that the husband must concur in the act which evidences the contract of the wife, or yield his consent thereto in writing ? We offered them facilities of defence, which the husband's signature, had he affixed it, would have precluded. The facts to be derived from a perusal of the record are, that Cull worked and loaned money in and about a business which he supposed was conducted for the joint account and benefit of the two Herwigs and their sister, Mrs. Kercheval; for it was the same business carried on in the same place in which their deceased father had labored and prospered. When he wanted a settlement the elder brother gives him his note, with the other brother and sister as sureties; the husband of the sister standing by, advising and authorizing her to sign it, but assuring Cull that it was unnecessary for him to sign with his wife, because, by the marriage contract, there was " to be no community, and the parties were to remain separate of estate of all property, and each was to have and retain the entire administration and enjoyment of their respective property." Before the note matures, the elder brother obtains relief from its payment by bankruptcy; and when Cull sues the younger brother, who, for years had been holding himself out to the world as full age, successfully pleads minority; and the sister seeks to avoid her obligation by alleging the want of her husband's authorization, which she swears was in fact and in truth given her when she contracted. Her position is so repugnant to every sense of right and justice, that we may unhesitatingly assume that it has no support in law.

The Court is referred to the following authorities, on the matter of the bill of exceptions, viz :

*Huff* v. *Freeman*, 13 An. 262; *Rachal* v. *Rachal*, 4 An. 406; 2 An. 772, 807, 876.

*Whitaker, Fellows & Mills, for defendants and appellants.*—Appellant, Mrs. Kercheval, is sued on her alleged endorsement of a note, regarding which there is no evidence of any written authority granted by her husband to endorse. The note is not a negotiable note, and appellant, by her endorsement, can only be held as an ordinary surety of the drawer.

The only evidence of authority of any kind, is that drawn from the answers of appellant to interrogatories on facts and articles propounded to her by plaintiff.

It is submitted :

1. That without such authority by the husband the contract is not binding on the wife. C. C., Arts. 124, 128, 130, 1775, 1779, 2411. Hen. Dig., (new ed.) p. 866, Nos. 5, 7, 9, 13, 18, 20, 26.

2. That the authority given by the husband should be evidenced and established by as high kind of proof as required to establish the contract itself; and in this case by written assent of the husband. The action is on a written obligation, and the essential proof of the consent of parties thereto should be found in the instrument itself, or some other written instrument directly referring to it. In this case the legal consent of the wife cannot be given by herself alone, but requires the consent of the husband. Hence, the perfect obligation of the wife cannot be said to arise on the note until the same consent be tested by the signature of herself and husband; her signature to establish her consent, the signature of the husband to show the authorization required by law, and without which there could be no legal, binding consent given by her.

The very character of the authorization of the husband, required by law, to render valid the acts and contracts of the wife, would seem to require that such authorization should be in writing, even though the law does not specially declare that it shall be a written authorization. Thus Article 123 of the Civil Code declares : "The wife cannot appear in Court without the authority of her husband." Has it ever been doubted that such authority must be evidenced by some written instrument, either by the husband appearing in the suit, or by a written consent.

C. C., Article 1779, provides that : "The incapacity of the wife is removed by the authorization of the husband, or, in cases provided by law, by that of the Judge."

In this Article there is no distinction made between the manner in which the authorization of the Judge and that of the husband is to be given, and can there be any question that the authorization of the Judge must be in writing ?

The same Article, moreover, restricts the presumption of authorization

by the husband to "commercial contracts, if he permits her to trade in her own name."

Again, in Article C. C. 2411, it is not declared positively that the authorization by the husband to his wife to alienate her immovable property should be in writing, yet could it be seriously urged that such authorization could be established by parol?

3. No legal evidence was offered to establish any authorization, even parol, by appellant's husband.

The answers of Mrs. Kercheval, to interrogatories on facts and articles propounded to her, are insufficient to prove such authorization, because such authorization cannot be established by the wife herself. Such proof would defeat the very object of the law: for if a declaration by the wife that she was authorized by her husband to execute a contract were sufficient evidence of the fact, the prohibition of the law could always be avoided; the simple statement or affidavit of the fact by the wife, could preclude the husband from the discharge of his duty, in refusing his authorization to such contracts as he might deem injurious to his wife's interest.

This point, it is submitted, is no longer an open question.

As early as the case of *Gorman* v. *Berghaus* (1 Rob. R. p. 168), this Court, Martin, J., held that where an appeal was taken by the wife, but the authority or assistance of the husband does not otherwise appear than by a statement in the petition and bond of appeal, that the appellant is authorized by her husband, the appeal must be dismissed, and that this assistance and authority must be proved aliunde, and otherwise than under the hand of appellant, or her counsel.

The same principle was declared in the cases of *Gorman* v. *Berghaus*, 2 R. 282; *Lacour* v. *Delamaine*, 2 An. 140.

If the statement of the wife is not to be taken as evidence of the authorization of the husband, the case at bar is clearly with the appellant.

4. And, as if to render still more restricted the power of a married woman to bind herself or her separate or dotal property, by the contracting of debts, the statute was passed allowing her to contract debts, with the authorization of the District Judge, only when "the wife shall satisfy the Judge aforesaid that the money about to be borrowed, or debt contracted is solely for her separate advantage, or for her separate or dotal property. See Session Acts, 1855, p. 254; Rev. Statutes, p. 560.

There is no evidence whatever that the suretyship of Mrs. Kercheval was for a debt incurred for her separate interest, or that she was in any manner benefitted by it, but the contrary.

5. The motion of plaintiff to have the answers of the husband as against his wife, taken as confessed, was properly rejected by the Court on the unquestionable rule of law, that a husband cannot be a witness either for or against his wife.

Patrick J. Cull v. J. L. Herwig et als.

LABAUVE, J.  The defendants are sued as sureties on a promissory note, signed by one P. F. Herwig; Mrs. S. M. B, Kercheval, being a married woman, alone took this appeal.  Her defence below, as well as before this Court, is that she was not duly authorized by her husband to contract the obligation; that the authority given by her husband should be evidenced and established by as high kind of proof as required to establish the contract itself, and, in this case, by the written assent of the husband.

This defendant and her husband stipulated, in their marriage contract, that there should be no community of acquests and gains between them, and they should remain separate in property.  The husband was made a party in the suit for the purpose of authorizing his wife to defend herself, and being interrogated on facts and articles by plaintiff, with a view to prove by his answers that he had authorized his wife to sign the note as surety, refused and declined answering the questions; the plaintiff moved the Court to order the interrogatories to be taken for confessed, which the Court refused to do, and plaintiff took a bill of exceptions to the decision of the Court.  We are of opinion that the Court did not err. The husband could not be a witness for or against his wife.  C. C. Article 2260.

The plaintiff, among other questions, put the following to the said wife:

1. Was or not your husband present when you signed the note sued on?

2. Did you or not sign the same with his authority, consent and approval, etc.?

These interrogatories, not being objected to, were both answered in the affirmative: Yes.  On the trial of the case below, the interrogatories, together with the answers, were offered and received in evidence without any objection.  Without passing upon the question of law, whether or not this authority could have been proven by parol or by interrogatories propounded to the wife, we are of opinion that the interrogatories having been propounded, answered, and offered and received in evidence, together with the affirmative answers, without any objection, we are bound to give them their full effect.

We are of opinion that our learned brother of the District Court has correctly decided this case.

The judgment is affirmed, with costs of appeal.